IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JESUS ORNELAS, )
)
        Plaintiff, )
)
v. )
) Case No. 11-2261-JAR-KMH
C.R. LOVEWELL, )
)
        Defendant. )
)

**MEMORANDUM AND ORDER**

Plaintiff Jesus Ornelas filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant, Trooper C.R. Lovewell, violated his Fourth Amendment right against unreasonable seizure by employing excessive force during an arrest for driving under the influence.[1] The Court granted in part and denied in part Defendant's *Daubert* motion and further found that, because Plaintiff could not prove that Defendant violated a clearly established constitutional right, the motion for summary judgment must be sustained (Doc. 66). Before the Court is Plaintiff's Motion to Alter or Amend Judgment Under Rule 59(e), or, in the Alternative, for Relief from Order and Judgment Under Rule 60(b)(6) (Doc. 68). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court denies Plaintiff's motion.

**I.    Standard**

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability

---

[1] Plaintiff expressly abandoned his claim of excessive force under the due process clauses of the Fifth and Fourteenth Amendments, as asserted in Count II, and stands on his Fourth Amendment excessive force claim. Doc. 59 at 33, n.9.

of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[3]

Fed. R. Civ. P. 60(b)(6) is mutually exclusive to the other categories of relief enumerated in Rule 60(b),[4] and has been described as a "grand reservoir of equitable power to do justice in a particular case."[5] A district court may grant a Rule 60(b)(6) motion "only in extraordinary circumstances and only when necessary to accomplish justice."[6] While relief may be granted where there has been an unanticipated intervening change of circumstances not contemplated by the moving party that renders enforcement of the judgment inequitable, clause (6) is "not for the purpose of relieving a party from free, calculated and deliberate choices he has made."[7] "Relief under Rule 60(b)(6) is appropriate when circumstances are so unusual or compelling that extraordinary relief is warranted, or when it offends justice to deny such relief."[8] Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for

---

[2]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[3]*Servants*, 204 F.3d at 1012.

[4]*Mullin v. High Mountain*, 182 F. App'x 830, 833 n.3 (10th Cir. 2006) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005)).

[5]*Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 579 (10th Cir. 1996) (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc), *cert. denied*, 423 U.S. 1079 (1976)).

[6]*Id.* (quoting *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993)).

[7]*Id.* at 579–80 (internal quotations and citations omitted).

[8]*Id.* at 580 (internal quotations and citations omitted).

2

presentation at the time of the original argument" because a Rule 60(b) motion is not a substitute for appeal.⁹

## II. Discussion

Ornelas does not claim any intervening change in controlling law or the availability of new evidence, but rather, argues that there is a need to correct clear error or prevent manifest injustice under both Rule 59(e) and Rule 60(b).

Ornelas first claims that the Court impermissibly made credibility determinations to resolve disputed issues of fact that, in turn, underpinned its analysis and conclusion that Defendant was entitled to qualified immunity. Ornelas argues, in essence, that the subjective aspects of Trooper Lovewell's testimony regarding what he knew or did not know when he confronted Ornelas in the patrol car are subject to a credibility determination that the Court made instead of reserving the determination for the jury. As both the parties and this Court are aware, on "a motion for summary judgment [the court] cannot evaluate credibility nor can [it] weigh evidence."¹⁰ "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."¹¹ However, "[s]tanding alone, attacks on the credibility of evidence offered by a summary judgment movant do not warrant denial of a summary judgment motion."¹² Instead, a nonmoving party must present specific facts demonstrating the existence of a material

---

⁹*Hilliard v. Dist. Ct. of Comanche Cnty.*, 100 F. App'x 816, 819 (10th Cir. 2004) (internal quotations omitted).

¹⁰*Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 533 (10th Cir. 1994).

¹¹*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).

¹²*Nat'l Am. Ins. Co. v. Am. Re-Ins. Co.*, 358 F.3d 736, 742 (10th Cir. 2004).

3

fact to be tried.[13]

Here, instead of meeting Trooper Lovewell's testimony with specific facts demonstrating the existence of a material fact, Ornelas presented speculation and argument that Lovewell should have or could have reacted differently and drawn different conclusions as the events unfurled. Ornelas asserts that "[t]here is ample evidence from which a jury could have concluded that the situation was not tense, uncertain, or rapidly evolving." Ornelas further accuses the Court of making findings of fact as to what was "in Lovewell's head," stressing that after Ornelas honked the patrol car horn and shouted at Lovewell, he told Ornelas's daughter that "[h]e's going to piss me off here in a second." These arguments are belied by the record and lose sight of the objective reasonableness standard for an excessive force claim under § 1983. As the Court discussed in detail in its Order, the issue on summary judgment is not whether Lovewell could have reached different conclusions or responded differently when Ornelas honked the horn, or could have reacted differently when he could not shut the door to the patrol car. Instead, a particular use of force is judged "under an 'objective reasonableness' standard from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."[14] The proper inquiry is whether Defendant's use of force was "objectively reasonable in light of the facts and circumstances confronting [him], without regard to underlying intent or motive."[15] Moreover, the Fourth Amendment "does not require [police] to

---

[13]*Id.* (citing *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)).

[14]Doc. 66 at 19 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989) and *Cordova v. Aragon*, 569 F.3d 1183, 1188 (10th Cir. 2009), *cert. denied*, 558 U.S. 1152 (2010)).

[15]*Graham*, 490 U.S. at 397.

4

use the least intrusive means in the course of a detention, only reasonable ones."[16]

Ornelas's attempt to dispute Lovewell's testimony using speculation and argument was fully briefed in the summary judgment submissions. Although some of the Court's language, taken out of context, is construed by Ornelas as making credibility determinations, the reasoning of the Court is clear that these determinations were made using the applicable objective reasonableness standard as part of the established test for determining whether Trooper Lovewell is entitled to qualified immunity.

Ornelas further challenges the Court's application of the *Graham* factors set out by the Supreme Court: "'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'"[17] As to the first factor, the Court noted the volatility presented by intoxicated arrestees, which Ornelas construes as equating DUI with a violent crime. To the contrary, the Court specifically noted that DUI is not inherently violent, but also noted that intoxicated people are often unpredictable and inject uncertainty into interaction with law enforcement.[18]

Ornelas's challenge of the Court's application of the second *Graham* factor is premised on the claim that the "Court accepts as proven that Ornelas presented an immediate threat to the safety of the officers." As previously noted, the Court's conclusion that the situation was tense, uncertain, and rapidly evolving is borne out by the recording on record. Moreover, the Court did

---

[16]*Marquez v. City of Albuquerque*, 399 F.3d 1216, 1222 (10th Cir. 2005) (citation omitted).

[17]*Weigel v. Broad*, 544 F.3d 1143, 1151–52 (10th Cir. 2008) (quoting *Graham*, 490 U.S. at 396).

[18]Doc. 66 at 20.

5

not make a finding as to whether Ornelas actually presented a threat to Lovewell, however, but instead found that Lovewell was "not required to wait for the situation to play out further until Ornelas was out of the vehicle before taking self-protective action to regain and maintain control of the situation."[19]

As to the third factor, Ornelas argues that the fact that he may have pushed against the door when Trooper Lovewell had not given him any command to put his foot back inside the door hardly rises to the level of resisting arrest or flight to evade arrest. Ornelas contends that the Court appears swayed by the erroneous finding that Lovewell had directed Ornelas to remain in the patrol car when he placed him under arrest. As Ornelas points out, the recording of the arrest does not contain a specific directive from Lovewell to remain in the patrol car. This "erroneous finding," however, was merely referenced in a footnote, and was not the basis for the Court's decision that Lovewell's failure to order Ornelas to put his foot back inside the patrol car did not render his actions unreasonable. Nevertheless, the Court clarifies its Order and withdraws footnote 62. The Court's conclusion that to a reasonable observer lacking the benefit of 20/20 hindsight, Ornelas's struggle with the Trooper by kicking the door appeared as active resistance to the Trooper's attempt to shut the door and regain control, is not manifest error.

Finally, Ornelas fails to address the Court's alternative basis for granting Trooper Lovewell summary judgment on the second prong of the qualified immunity analysis—that the Trooper's conduct did not violate clearly established constitutional principles. The Court thoroughly analyzed and distinguished case law cited by Ornelas, and concluded that he had fallen short of demonstrating "the clearly established weight of authority from other courts [has]

---

[19]*Id.* at 22.

found the law to be as the plaintiff maintains."[20]  Accordingly, Ornelas has failed to demonstrate that he is entitled to relief under either Rule 59(e) or Rule 60(b), and his request for relief is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Alter or Amend or for Relief from Judgment (Doc. 68) is DENIED.

**IT IS SO ORDERED.**

Dated: March 26, 2014

                S/ Julie A. Robinson

                JULIE A. ROBINSON

                UNITED STATES DISTRICT JUDGE

---

[20]*Morris v. Noe*, 672 F.3d 1185, 1196 (10th Cir. 2012).